IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Mario Ramos Hinojos, Jr., Petitioner, v. Warden Bush, Respondent.

Civil Action No.:2:14-2960-DCN-MGB

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 17; see also Dkt. No. 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on July 21, 2014. (Dkt. No. 1 at 49 of 49.) On October 31, 2014, Respondent filed a Motion for Summary Judgment. (Dkt. No. 17; see also Dkt. No. 16.) By order filed November 3, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 18.) Petitioner filed his Response in Opposition on or about December 1, 2014. (Dkt. No. 30.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. In April of 2003, the Greenville County Grand Jury indicted Petitioner on two counts of murder and one count of assault and battery with intent to kill. (R. at 449-54.) Petitioner was represented at trial by Tom Quinn, Esquire. (See R. at 1.) Petitioner proceeded to a jury trial before the Honorable Larry L. Patterson on May

11-12 of 2004. (R. at 1-448.) The jury convicted Petitioner as charged, and Judge Patterson sentenced Petitioner to two life sentences on the murder convictions and twenty years on the conviction for assault and battery with intent to kill. (R. at 447.)

Petitioner appealed and was represented by Robert M. Dudek, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 16-7.) In an Anders[1] brief filed on January 9, 2006, Petitioner raised the following issue:

> Whether the court erred by refusing to redact from appellant's statement references to appellant's father having fifty to a hundred pounds of marijuana brought to his house from Mexico since references to major drug dealing were unduly prejudicial, and unnecessary to a fair presentation of the state's case?

(Dkt. No. 16-7 at 4 of 13.) Mr. Dudek also filed a petition to be relieved as counsel. (Id. at 11 of 13.) In an unpublished opinion filed on April 17, 2007, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (See Dkt. No. 16-10.) The remittitur was issued on May 4, 2007. (Dkt. No. 16-11.)

Petitioner filed an application for post-conviction relief ("PCR") on April 15, 2011. (Dkt. No. 16-12.) Petitioner asserted, *inter alia*, that counsel was ineffective for failing to conduct "a proper pretrial investigation," failing "to contest the voluntariness" of Petitioner's confession, and failing to object to an erroneous malice charge. (See Dkt. No. 16-12.) On August 4, 2011, the State filed a Return and Motion to Dismiss wherein the State asserted Petitioner's application was untimely. (See Dkt. No. 16-13.)

On August 8, 2011, the Honorable Robin B. Stilwell signed a Conditional Order of Dismissal; Petitioner was given twenty days to provide the state court "with specific reasons, factual or legal, why it should not dismiss the matter in its entirety." (Dkt. No. 16-14 at 3 of 3.) Judge Stilwell's Conditional Order noted that the application for PCR was filed

[1] Anders v. California, 386 U.S. 738 (1967).

"approximately three (3) years after the statutory filing period expired." (Id.) On or about August 18, 2011, Petitioner filed a Response to the Conditional Order, stating that he had never "heard of a PCR" and learned of the deadline two years after the deadline passed. (See Dkt. No. 16-16; see also Dkt. No. 16-17.) Judge Stilwell filed his Final Order of Dismissal on October 21, 2011. (Dkt. No. 16-18.)

On November 14, 2012, Petitioner filed a second application for PCR. (See Dkt. No. 16-19.) Petitioner filed several motions in this second PCR proceeding. (See Dkt. No. 16-20; Dkt. No. 16-21; Dkt. No. 16-22; Dkt. No. 16-23.) The State filed a Return and Motion to Dismiss on April 30, 2013. (Dkt. No. 16-24.) On May 7, 2013, the Honorable D. Garrison Hill signed a Conditional Order of Dismissal, concluding, *inter alia*, that the petition was untimely and successive. (Dkt. No. 16-25.) Petitioner filed a Motion to Amend on May 17, 2013 and a Reply on May 21, 2013. (Dkt. No. 16-26; Dkt. No. 16-27.)

On August 30, 2013, the Honorable Robin B. Stilwell held a hearing on Petitioner's Motion for Default Judgment. (Dkt. No. 16-28.) Brian P. Johnson, Esquire, had been appointed to represent Petitioner, and Mr. Johnson and Petitioner were present at the hearing. (See Dkt. No. 16-28.) In an Order filed on August 30, 2013, Judge Stilwell denied Petitioner's Motion for Default Judgment. (Dkt. No. 16-29.) The Final Order of Dismissal, signed by Judge Hill, was filed on December 9, 2013. (Dkt. No. 16-31.)

On December 12, 2013, Petitioner, through Attorney Brian P. Johnson, filed a Motion to Vacate Disposition and Reopen Proceedings. (Dkt. No. 16-32.) Judge G. Edward Welmaker issued an order denying Petitioner's Motion to Vacate Disposition and Reopen Proceedings on February 21, 2014. (Dkt. No. 16-34.) Petitioner filed a Motion to Reconsider; Judge Welmaker denied that motion on April 15, 2014. (Dkt. No. 16-36; see also Dkt. No. 16-35.)

On or about January 23, 2014, Petitioner filed a Notice of Appeal, stating that he "appeals the judgment of the Honorable Robin B. Stilwell dated October 21, 2011 and August 30, 2013." (Dkt. No. 16-37.) The Supreme Court of South Carolina dismissed the appeal without prejudice on April 21, 2014, because at the time the Notice of Appeal was filed, "there was a Rule 59, SCRCP, motion filed by counsel that was pending before the circuit court." (Dkt. No. 16-38.) The remittitur was issued on May 7, 2014. (Dkt. No. 16-39.)

On May 14, 2014, Petitioner, through Attorney Brian P. Johnson, filed a Notice of Appeal, appealing Judge Hill's order denying post-conviction relief to Petitioner. (Dkt. No. 16-40.) On or about May 8, 2014, Petitioner filed a *pro se* Notice of Appeal. (Dkt. No. 16-41.) In an order dated June 30, 2014, the Supreme Court of South Carolina dismissed the appeal, stating, "[i]n the explanation required by Rule 243(c) of the South Carolina Appellate Court Rules (SCACR), petitioner has failed to show that there is an arguable basis for asserting that the determination by the lower court was improper." (Dkt. No. 16-44.) The remittitur was issued on July 16, 2014. (Dkt. No. 16-45.) On July 18, 2014, the Supreme Court of South Carolina issued an order recalling the remittitur because a timely Petition for Rehearing had been filed. (Dkt. No. 16-46.) On October 8, 2014, the Supreme Court of South Carolina denied Petitioner's Motion for Reconsideration. (Dkt. No. 16-48; <u>see also</u> Dkt. No. 16-47.) The remittitur was issued on October 8, 2014. (Dkt. No. 16-49.)[2]

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **Ground One**: Ineffective assistance of counsel 6th Amendment violation. Illegal search and seizure.
> **Supporting Facts**: Failed to conduct a proper investigation which would have disclosed the mental state of the Petitioner and that he in fact was placed in

[2]In addition, it appears that Petitioner filed a document entitled "Newly Discovered Evidence" in his 2011 PCR action on October 31, 2014. (<u>See</u> Dkt. No. 16-50.)

suicide watch directly after being coerced and tricked to go speak with the detectives after he had already invoked his Miranda rights . . . .

**Ground Two:** Ineffective assistance of trial counsel compelled confession.
**Supporting Facts**: Failed to challenge the voluntariness of the Petitioner's confession at the Jackson v. Denno hearing . . . .

**Ground Three**: Ineffective assistance of trial counsel due process.
**Supporting Facts**: Counsel failed to move for an mental and psychiatric evaluation/competency hearing. . . .

**Ground Four**: Ineffective assistance of trial counsel.
**Supporting Facts**: Counsel failed to object to prosecutor's closing argument. The prosecutor made inflammatory and prejudicial remarks . . . .

**Ground Five**: Ineffective assistance of trial counsel.
**Supporting Facts**: Counsel failed to object to judge's erroneous jury charge on intent and malice which were burden shifting and mandatory presumptions of malice. . . .

**Ground Six**: Prosecutorial misconduct.
**Supporting Facts**: The prosecutor withheld impeaching and exculpatory evidence material to the Applicant's guilt or innocence. . . .

**Ground Seven**: Ineffective assistance of trial counsel.
**Supporting Facts**: Counsel was overbearing Petitioner's will of whether or not to testify, attempting to have Petitioner lie about what transpired. Petitioner wanted to testify and counsel persuade[d] him not to. . . .

**Ground Eight**: Ineffective assistance of appellate counsel.
**Supporting Facts**: Counsel on appellate review failed to advise Petitioner of the right to file PCR application on ineffective assistance of trial counsel which is the first appeal as of right . . . .

**Ground Nine**: Due process and equal protection of law.
**Supporting Facts**: Petitioner is being denied equal access to the appellate process. Has not been given fair proceedings. . . .

**Ground Ten**: Ineffective assistance of trial counsel court lacked jurisdiction (fraudulent notice).
**Supporting Facts**: Counsel failed to move to quash indictment on the grounds lead investigator was sole witness that went before the grand jury. Same investigator obtain evidence illegally, lied to a magistrate for issuance of an arrest warrant withheld evidence from prosecution completely tainting the proceedings.

> **Ground Eleven**: Due process, equal protection of law.
> **Supporting Facts**: State court refuse to give Petitioner fair proceeding and grant hearing in light of Austin and King for a belated appeal. Failed to appoint counsel in first appeal as of right. Failed to provide adequate notice through state appointed counsel of appeal. Failed to provide fair opportunity to be heard.

(Dkt. No. 1.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, this matter is before the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 17; see also Dkt. No. 16.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of limitations. (See generally Dkt. No. 16.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State

court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 650.

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant petition is barred by the statute of limitations. Petitioner was convicted on May 12, 2004, and his direct appeal concluded–at the latest–on May 4, 2007. (Dkt. No.

16-11.) Petitioner filed his first application for PCR on April 15, 2011. (Dkt. No. 16-12.) Because this first PCR application was untimely, the statute of limitations was not tolled while that case was pending; the same is true of Petitioner's second PCR application. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under § 2244(d).); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); see also Allen v. Siebert, 552 U.S. 3, 7 (2007) ("We therefore reiterate now what we held in Pace: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)'" (quoting Pace, 544 U.S. at 414)); Braveboy v. Cartledge, Civ. A. No. 8:11-2075-TMC-JDA, 2011 WL 6961331, at *2 (D.S.C. Dec. 5, 2011), adopted at 2012 WL 33219 (D.S.C. Jan. 6, 2012) ("Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d) (2) does not apply because the application was not properly filed.").

Petitioner filed the instant § 2254 petition on July 21, 2014, more than six years after the statute of limitations had run. (See Dkt. No. 1 at 49 of 49.) The petition is clearly untimely. Even if a § 2254 petition is untimely, a petitioner may be entitled to equitable tolling. Petitioner asserts he was "never advised of his right to post-conviction relief by appellate counsel." (Dkt. No. 1 at 41 of 49.) Apparently collapsing the distinction between PCR and an appeal, Petitioner states he "did not knowingly and intelligently waive his right to appeal[,] and . . . counsel had an expressed duty to advise him of his right to appeal and assist him in properly filing that appeal." (Id.; see also id. at 41-48 of 49.) In his Response in Opposition, Petitioner "asserts he should not be barred by the statute of limitations because he has a federal constitutional right to be advised of the right to appeal his trial counsel's ineffectiveness." (Dkt. No. 30 at 2 of 47.)

Despite Petitioner's arguments, the undersigned recommends concluding that Petitioner is not entitled to equitable tolling. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 at 649 (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. The crux of Petitioner's argument that the statute of limitations should not apply is because he did not know about it. However, Petitioner's lack of knowledge does not entitle him to equitable tolling.[3] See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the

---

[3]Petitioner also complains that the case of Sutton v. State, 361 S.C. 644, 606 S.E.2d 779 (2004), which was relied on by the PCR court, is no longer good law because it was abrogated by Bray v. State, 366 S.C. 137, 620 S.E.2d 743 (2005). (See Dkt. No. 1 at 42 of 49; Dkt. No. 30 at 3-4 of 47.) Of course, the PCR court itself noted the abrogation in its order. (See Dkt. No. 16-18 at 2 of 5.) In Sutton, the South Carolina Supreme Court addressed the issue of whether the circuit court erred "in summarily dismissing the Petitioner's PCR application as untimely, where Petitioner alleged he did not file a timely application because neither his trial nor appellate attorney informed him of the statutory right to file an application." Sutton, 361 S.C. at 646, 606 S.E.2d at 780. The Supreme Court of South Carolina affirmed the circuit court's dismissal of the PCR application because it was untimely, stating, "[W]e decline to impose a duty on trial or appellate counsel to inform a convicted defendant of the availability of PCR or the one-year deadline to file an application." Id. at 648, 606 S.E.2d at 781. In Bray, the Supreme Court of South Carolina held "that counsel is required to advise an applicant of the right to appellate review of the denial of PCR." Bray, 366 S.C. at 140, 620 S.E.2d at 745. Nowhere in Bray did the court hold that trial or appellate counsel has a duty to inform a convicted defendant of the availability of PCR or the deadline to file an application.

Petitioner also cites Wilson v. State, 348 S.C. 215, 559 S.E.2d 581 (2002), to assert he has a "procedural right to one fair 'bite at the apple.' That is, every defendant has a right to file a direct appeal and one PCR application." (Dkt. No. 30 at 2 of 47.) Wilson, however, addressed whether the statute of limitations for PCR applications applied where the applicant alleged "that he did not knowingly and intelligently waive his right to a direct appeal from his criminal conviction." See Wilson, 348 S.C. at 217, 559 S.E.2d at 582. In the case *sub judice*, Petitioner had a direct appeal.

Neither Sutton nor Wilson entitles Petitioner to equitable tolling in the instant case.

mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 F. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 F. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."); Brunson v. Solomon, Civ. A. No. 5:14-HC-2009-FL, 2015 WL 331496, at *5 (E.D.N.C. Jan. 26, 2015) ("[I]neffective assistance of counsel generally does not warrant equitable tolling."); Wiechens v. Ryan, Civ. A. No. 13-0900-PHX-JAT, 2013 WL 6533138, at *5 (D. Ariz. Sept. 13, 2013) ("Petitioner's claim that trial counsel failed to advise Petitioner that he was responsible for filing a notice of post-conviction relief, even if accepted, would not establish an extraordinary circumstance for purposes of equitable tolling."). Because Petitioner's § 2254 petition is untimely, and Petitioner has not established that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 17.)

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 17) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 17, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[4] Title 28, Section 2253 provides in relevant part,

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).